IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*



MAURICE TURNER                        *
Identification Nos. 406-877 and 2765766,

    Plaintiff,                        *
v.                                                              Case No.: GJH-17-1917
                                                    *
WARDEN RICKY FOXWELL,

                                                    *
    Defendant.
                                                    *
\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

**MEMORANDUM OPINION**

Plaintiff Maurice Turner, a *pro se* litigant incarcerated at Eastern Correctional Institution ("ECI") in Westover, Maryland, brings this civil rights action against Defendant Warden Ricky Foxwell pursuant to 42 U.S.C. § 1983. Plaintiff alleges Foxwell, who has "authority" within ECI, is responsible for a "lack of security." ECF No. 1 at 3.[1] Turner bases his claim on a May 3, 2017 incident during which he was stabbed in the back and back of his head by an unknown inmate. ECF No. 1 at 2. Pending before the Court is Defendant Foxwell's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 12. The Court advised Plaintiff of his opportunity to oppose the motion, ECF No. 13, but Turner did not file an opposition. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Defendant's Motion, construed as a Motion for Summary Judgment, will be granted.

---

[1] This opinion references pagination assigned by the Court's electronic docket system.

## I. BACKGROUND[2]

In the early evening of May 3, 2017, Housing Unit #1-B-Tier officer Joshua Watson noticed Turner had blood on the front of his tee shirt. ECF No. 12-3 at 2. Watson contacted Officer-in-Charge Randall Nesmith for help and handcuffed Turner for transport to the medical department. *Id.* at 2, 7, 10, 13, 15–16.

Registered Nurse Amanda Morris examined Turner and found that he had a small laceration on the middle of his back and another by the right ear. Morris applied steri-strips and released Turner to custody.[3] *Id.* at 18. Turner's injuries were photographed; he refused to make a statement and was placed on administrative segregation pending an investigation. *Id.* at 4–5, 17, 20–21, 23–24.

Prisoners in the dayroom were searched; while four weapons were found, none was consistent with the type of weapon that caused Turner's injuries. *Id.* at 2, 7, 10, 13, 22, 25. Duty Officer Walter West, the Assistant Warden, placed the tier on lock-down. *Id.* at 2, 7, 10, 13. By 8:50 p.m., Intelligence & Investigative Division ("IID") Detective Robert Fagan was contacted and IID Case No. 17-35-00886 was assigned. *Id.* at 2, 7, 10, 13–14. The IID Report was logged in as a "Non-Cooperating Inmates/Detainees in Assault Incidents" Report. *See* ECF No. 12-6 at 2.[4]

On May 4, 2017, Captain Barnes from IID interviewed Turner. According to Captain Barnes Turner reported that he was standing in front of his cell door facing it when he felt something sharp on the back of his neck but did not turn around. *Id.* at 4. He stated that he then

---

[2] These facts are either undisputed or viewed in the light most favorable to the Plaintiff as the non-moving party.
[3] There is no dispute that Turner received additional medical follow-up care for his injuries and that his wounds healed without complication. ECF No. 12-5 at 2–9, 12, 15–16.
[4] There is a typographical error at ECF No. 12-6 at 2, which should read Inmate Turner, not Inmate Watson. As indicated *supra*, it was Officer Watson who observed Turner with blood on his shirt.

2

felt something warm running down his neck, and that is when he realized that he had been cut and was bleeding. *Id.* Turner stated that he did not see his assailant, and when if he knew of any reason he would have been assaulted, Turner replied that he had been on the same tier for 14 months and never had trouble with anyone. *Id.* Turner's only documented enemy, Anthony Mitchell, was at ECI but housed on the East Compound. *Id.*; *see also* ECF No. 12-7, Offender Case Management System ("OCMS") Printout of Turner's Enemy Alert & Retractions Screen, printed November 19, 2018. The OCMS Printout of Plaintiff's Intake/Gang Affiliation Screen showed Turner had no affiliation with a Security Threat Group "(STG"). ECF No. 12-8.

## II. STANDARD OF REVIEW

Defendant style his motion as a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers only the facts in the complaint or "integral to the complaint." *Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). However, Rule 12(d) requires courts to treat a motion to dismiss as a motion for summary judgment when the court considers matter outside the pleadings. Fed. R. Civ. P. 12(d). Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Consistent with this rule, the nonmoving party must have some indication that the court will treat the motion to dismiss as a motion for summary judgment and "must be afforded a reasonable opportunity for discovery" if it is essential to the nonmoving party's ability to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (citation omitted).

It is obvious when the moving party styles its motion as a "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment," as is the case here, that the Court may treat the

motion as one for summary judgment. *See Laughlin v. Metropolitan Wash. Airports Auth.*, 149 F.2d 253, 260–61 (4th Cir.1998). To show that a reasonable opportunity for discovery has not been afforded, the nonmoving party must file an affidavit or declaration under Rule 56(d) explaining why "for specified reasons, it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d), or otherwise put the district court on notice of the reasons why summary judgment is premature, *see Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244–45 (4th Cir. 2002). Here, Plaintiff has not filed a Rule 56(d) affidavit or otherwise requested discovery in this matter. Under these circumstances, the Court will construe Defendant's motion as a Motion for Summary Judgment.

Pursuant to Federal Rule of Civil Procedure 56, the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). The nonmoving party has the burden to show a genuine dispute on a material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### III. DISCUSSION

To the extent that Turner's Complaint may be construed as alleging a failure to protect claim under the Eighth Amendment, Turner has failed to introduce any evidence from which a jury could find in his favor.

The Eighth Amendment of the United States Constitution forbids punishment that involves "the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). Deliberate or callous indifference by prison officials to a specific known risk of physical harm to an inmate at the hands of a fellow prisoner violates this Eighth Amendment prohibition. *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). Negligent failure by a prison official to protect a prisoner from attack by another prisoner, however, is not a violation of the Eighth Amendment. *Id.* A prison official may be held liable under the Eighth Amendment only if he knew that a prisoner faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to avoid it. *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970 (1994); *Rich v. Bruce*, 129 F.3d 336, 339–40 (4th Cir. 1997).

To succeed on a failure-to-protect deliberate indifference claim, a prisoner must establish an objective and a subjective element of his claim. He first must show that objectively prison officials caused "a serious deprivation of his rights in the form of a serious or significant physical or emotional injury" or substantial risk of such injuries. *Danser v. Stansberry*, 772 F.3d 340, 346–47 (4th Cir. 2014). The objective inquiry requires this Court to "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original).

Additionally, a plaintiff must establish that subjectively the prison official involved had "a sufficiently culpable state of mind" amounting to "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834. Evidence establishing a culpable state of mind requires actual knowledge of an excessive risk to the prisoner's safety or proof that prison officials were aware of facts from which an inference could be drawn that a substantial risk of serious harm exists and

that the inference was drawn. *Id.* at 837. A plaintiff may "prove an official's actual knowledge of a substantial risk 'in the usual ways including inference from circumstantial evidence'" so that "'a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Raynor*, 817 F.3d at 128. "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference because 'prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844). If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844; *see also Cox v. Quinn*, 828 F.3d 227, 236 (4th Cir. 2016).

In sum, to prevail on an Eighth Amendment claim of failure to protect from violence, Turner must establish that Defendant exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly*, 816 F.2d 977, 979 (4th Cir. 1987). However, nothing in the record suggests prison personnel were aware of an excessive risk of violence that might be directed toward Turner. Turner had no known gang affiliation, and his sole known enemy resided in another compound at ECI. Turner could not identify anybody who had a problem with him, and observed that in his 14 months at ECI, he had no trouble getting along with others. Further, Turner points to no facts to support his claim that Warden Foxwell ignored safety concerns resulting in his injury. Because there is no evidence in the record to support either the subjective or objective elements of Plaintiff's claim, summary judgment is appropriate here.

6

## IV. CONCLUSION

For the foregoing reasons, Defendant Foxwell's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, ECF No. 12, construed as a motion for summary judgment, is granted. A separate Order shall issue.

Date: <u>July 31, 2019</u>

/s/ GEORGE J. HAZEL
United States District Judge